<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY BROWN, | |
|     Petitioner, | Civil Action No. 13-2215 (DRD) |
|     v. | |
| PAUL LAGANA, | OPINION |
|     Respondents. | |

**APPEARANCES**:

    BARRY BROWN
    710 South 10th Street, Ground Floor
    Newark, New Jersey 07108
        *Petitioner Pro Se*

    LUCILLE M. ROSANO, ESQ.
    ESSEX COUNTY PROSECUTOR
    50 West Market Street
    Newark, New Jersey 07102
        *Attorneys for Respondents*

**Debevoise, Senior U.S. District Judge**

    Barry Brown filed a Petition and an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  He challenges a judgment of conviction filed in the Superior Court of New Jersey, Essex County, on September 1, 2006, after a jury found him guilty of burglary and aggravated assault.  The State filed an Answer and the state court record.  After carefully reviewing the arguments of the parties and the state court record, this Court will dismiss the Petition and the Amended Petition for lack of jurisdiction because Petitioner is not in custody and deny a certificate of appealability.

## I.   BACKGROUND

After a trial, a jury sitting in the Superior Court of New Jersey, Law Division, Essex County, found Petitioner guilty of second-degree burglary and third-degree aggravated assault on Tonya Peterson, the mother of his two children.   On September 1, 2006, the trial judge sentenced him to an aggregate term of nine years in prison, subject to the 85% period of parole ineligibility mandated by New Jersey's No Early Release Act.   On January 9, 2009, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and sentence.   See State v. Brown, 2009 WL 47394 (N.J. Super. Ct., App. Div., Jan. 9, 2009).   The New Jersey Supreme Court denied certification on April 2, 2009.   See State v. Brown, 199 N.J. 129 (2009) (table).

Brown filed a pro se petition for post-conviction relief on May 28, 2009.   On December 9, 2009, the trial court denied the petition for post-conviction relief without conducting an evidentiary hearing.   Petitioner appealed and the Appellate Division affirmed the order denying post-conviction relief on December 15, 2011.   See State v. Brown, 2011 WL 6218274 (N.J. Super. Ct., App. Div., Dec. 15, 2011).   The New Jersey Supreme Court denied certification on May 25, 2012.   See State v. Brown, 210 N.J. 263 (2012) (table).

Brown signed but did not date his initial § 2254 Petition.   (ECF No. 1-2   at 5.)   He signed his affidavit of poverty, which accompanied the § 2254 Petition, on April 8, 2013.   (ECF Nos. 1 at 5, 1-2 at 6.)   The Clerk received the § 2254 Petition and affidavit of poverty on April 9, 2013. After the Court notified Petitioner of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), he filed an Amended Petition.   Brown raises the following grounds in the Amended Petition:   (1) the trial judge denied his constitutional rights by not allowing him to use evidence to prove his innocence; (2) he was denied his Sixth Amendment right to the effective assistance of

counsel in that counsel failed to properly cross-examine Ms. Peterson; and (3) he "was denied his right to due process because of improper, uncorrected assessment and weighing of aggravating and mitigating factors during sentencing proceedings." (ECF Nos. 5 at 7, 8 at 1.)

Respondent filed the state court record and an Answer arguing that the Court lacks jurisdiction over the Petition because Petitioner was not in custody when he filed it, the Petition is barred by the one-year statute of limitations, and Petitioner is not entitled to habeas relief on the merits. (ECF No. 14.)

## II.   DISCUSSION

### A.   Jurisdiction

Section 54 of Title 28 of the United States Code confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Lack of subject matter jurisdiction may be raised by the Court at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

To invoke habeas corpus review by a federal court under § 2254, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. See Maleng v. Cook, 490 U.S. 488, 490 (1989); see also Keitel v. Mazurkiewicz, 729 F.3d 278 (3d Cir. 2013). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be

'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998); Government of Virgin Islands v. Vanterpool, 767 F.3d 157, 163-164 (3d Cir. 2014).

The threshold question in this case is whether Mr. Brown satisfies the "in custody" requirement with respect to the challenged 2006 conviction resulting in a nine-year term of imprisonment that, according to Respondent and the New Jersey Department of Corrections, expired on February 23, 2013, when the Department of Corrections released Brown from custody. See N.J. Dept. of Corrections, Inmate Locator, at https://www6.state.nj.us/DOC_Inmate/details?x=1362087&n=0 (Mar. 16, 2015). The answer to this question is no. Mr. Brown's nine-year sentence expired on February 23, 2013, 45 days before he filed his initial § 2254 Petition under the mailbox rule on April 8, 2013. Because Mr. Brown was not "in custody" as a result of the 2006 conviction at the time he filed his habeas petition challenging that conviction, this Court lacks jurisdiction over his habeas petition under § 2254.[1] See Maleng, 490 U.S. at 490-92; Vanterpool, 767 F.3d at 163 ("The Supreme Court has interpreted the statutory language under § 2254 as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*) (emphasis in original) (citation and internal quotation marks omitted); Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir.

---

[1] While collateral consequences may avoid mootness of a habeas petition where the petitioner was released from the challenged conviction after the petition was filed, collateral consequences of the conviction are not sufficient to satisfy the "in custody" requirement where the sentence expired before the filing of the petition. See Spencer, 523 U.S. at 7-8; Maleng, 490 U.S. at 492; Obado, 328 F.3d at 718 n.2.

2003) ("While the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed."); Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007) ("In making a custody determination, [federal courts look] to the date that the habeas petition was filed.") (quoting Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997)). This Court will dismiss the Petition for lack of jurisdiction.

### B.      Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III.   CONCLUSION

This Court dismisses the Amended Petition for lack of jurisdiction and denies a certificate of appealability.

  s/Dickinson R. Debevoise  
**DICKINSON R. DEBEVOISE**
**U.S.S.D.J.**

Dated:   March 26, 2015